**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 14 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

vs.

ERIC PORTER,

     Defendant - Appellant.

No. 97-8016
(D.C. No. 95-CR-099-J)
(D. Wyo.)

---

ORDER AND JUDGMENT[*]

---

Before BRORBY, EBEL, and KELLY, Circuit Judges.[**]

---

Defendant-appellant Eric Porter appeals the denial of his motion to suppress. He pleaded guilty to possession of an unregistered firearm, 26 U.S.C. §§ 5841, 5845, 5861(d) & 5871, and was sentenced to 21 months imprisonment to be followed by two years of supervised release. Our jurisdiction arises under 28 U.S.C. § 1291 and we affirm.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

Based upon reports that Mr. Porter made threats with a sawed-off shotgun and rifle, several officers went to Mr. Porter's residence to arrest him. Mr. Porter's residence was a mobile home with a fence on the perimeter. Mr. Porter came out of his residence and spoke with one of the officers while another officer took cover behind Mr. Porter's vehicle located 10-12 feet away from the residence, but within the perimeter fence. The officer behind the vehicle "happened to look down and saw an illegal firearm laying on the front seat." Tr. 8/22/96 at 12. He reached in the vehicle, grabbed the sawed-off shotgun and unloaded it. Id. at 13. The officers then obtained a search warrant from tribal court to search the residence and the vehicle.

In reviewing the denial of a motion to suppress, we review the district court's factual findings for clear error and the legal question of Fourth Amendment reasonableness de novo. United States v. Rios, 88 F.3d 867, 869 (10th Cir. 1996). We view the evidence in the light most favorable to the prevailing party. United States v. Botero-Ospina, 71 F.3d 783, 785 (10th Cir. 1995) (en banc), cert. denied, 116 S. Ct. 2529 (1996).

Mr. Porter first argues that because the vehicle was within the curtilage of the residence, was for his private use and had tinted windows, a search warrant was required for a lawful seizure of the shotgun. Although we have held that vehicles within the curtilage are part of the residence for purposes of a search

warrant, see United States v. Finnigin, 113 F.3d 1182, 1185 (10th Cir. 1997),*** that does not confer an objectively reasonable expectation of privacy in a vehicle parked outside one's residence, see Maisano v. Welcher, 940 F.2d 499, 502-03 (9th Cir. 1991), cert. denied, 504 U.S. 916 (1992). To the contrary, the Fourth Amendment does not protect that which is knowingly exposed to the public, even within a residence and its curtilage. See Katz v. United States, 389 U.S. 347, 351 (1967). Here, the vehicle was in plain view from the roadway and was not enclosed by any type of structure. The district court found that the tinted windows were down. See Tr. 8/22/96 at 56. Thus, the officer could certainly look in the vehicle without a search warrant.

Mr. Porter also argues that no exigent circumstances supported the seizure and that reliance upon the plain view doctrine is pretextual. Though the testimony conflicts on whether the officer merely noticed the sawed-off shotgun while the car was open or conducted a search to find it, the district court credited the former account. This trumps much of Mr. Porter's argument.

A warrantless plain view seizure will be upheld when the officer is properly in a position to observe and he discovers apparent contraband to which he has a

---

      *** "We have held that outbuildings and vehicles within the curtilage of a residence are considered part of that residence for purposes of a search warrant, and have upheld searches of those buildings and vehicles even when not named in the warrant." Finnigin, 113 F.2d at 1185.

lawful right of access.  See Horton v. California, 496 U.S. 128, 136-37 (1990); United States v. Sanchez, 89 F.3d 715, 719 (10th Cir. 1996); United States v. Soussi, 29 F.3d 565, 570-71 (10th Cir. 1994).  Here, the officer was properly on the premises to assist with Mr. Porter's arrest and noticed the sawed-off shotgun. The sawed-off shotgun was not only apparent contraband, but also potential evidence of the crime being investigated.  See United States v. Jiminez, 864 F.2d 686, 688-89 (10th Cir. 1988) (sawed-off shotgun in plain view); United States v. Justice, 835 F.2d 1310, 1313 (10th Cir. 1987) (machine gun in plain view), cert. denied, 487 U.S. 1238 (1988).  For protection, the officer could seize it; he was not required to leave it unattended while a warrant was obtained.

AFFIRMED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge